UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| Margaret Marnocha | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:16-cv-592 |
|  | ) |  |
| City of Elkhart, Indiana, Tim Neese, as | ) |  |
| Mayor of Elkhart, Indiana and in his | ) |  |
| Personal Capacity. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

According to the Amended Complaint, Margaret Marnocha, a former city attorney with the City of Elkhart, was fired from her job when the city's newly elected mayor, Tim Neese, decided to clean house. (DE 4 at 2–4.) Marnocha says she was fired for several illicit reasons, including in retaliation for exercising her First Amendment rights, age discrimination, and sex discrimination. (*Id.* at 2.) She also alleges that Elkhart and Mayor Neese violated the Equal Pay Act along the way and intentionally inflicted emotional distress upon her to boot. (*Id.* at 4–5, 8–9.) The defendants now seek partial dismissal of the Amended Complaint. (DE 19.)

The Supreme Court interpreted the Rule 12(b)(6) pleading standard in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss under that standard, a complaint must state "enough facts to state a claim to relief that is plausible on its face[,]" which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the

misconduct alleged. *Twombly*, 550 U.S. at 556. Where even the well-pleaded facts do not plausibly support an entitlement to relief on the legal theory identified, a claim is subject to dismissal. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

**Claims Against Mayor Neese in his Official Capacity**

Four counts of the Amended Complaint are brought against both Elkhart and Mayor Neese in his official capacity. This is redundant pleading. The mayor, as an official of Elkhart, and the city are one and the same. As the chief executive officer of Elkhart, the Mayor is a policymaker such that actions taken in his official capacity are the actions of the city. So says the Supreme Court: suing a public official in his official capacity "is only another way of pleading an action against an entity of which an officer is an agent[.]" *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 690, n. 55 (1978). This is because a suit against an office holder in their official capacity is not really a suit against the officer holder at all. It is a suit against the office itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Jungles v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) ("[N]othing was added by suing the mayor in his official capacity.") All claims against Mayor Neese in his official capacity must be dismissed.

**Count I: Section 1983 First Amendment Claim**

Marnocha was employed as a city attorney for Elkhart for approximately five years. (DE 4 ¶ 20.) She was active in Democratic Party politics. (*Id.* ¶¶ 23–26.) She is a registered Democrat and attended fund raisers for former Democratic Mayor Dick Moore. (*Id.*) Neese defeated Moore in the general election in November 2015 and a week later Mayor-Elect Neese paid Marnocha a visit at work. (*Id.* ¶¶29–30.) Although he had not yet taken office, he started throwing his weight around. He told Marnocha she was fired but that she could stay on the job until December 31st; Neese was to assume office on January 1st. (*Id.* ¶¶31–32, 34.) Elkhart argues that Neese was not acting under color law when he sacked Marnocha—regardless of whether she was fired on November 12th or December 31st—because Neese did not become the mayor until January 1st.(DE 20 at 8.) There must, of course, be state action before a Section 1983 claim can move forward. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). To prove a political firing in violation of the First Amendment Marnocha will have to show that she engaged in constitutionally-protected speech and that this speech was a "substantial" or "motivating" factor in her termination. *Graber v. Clarke*, 763 F.3d 888, 894–95 (7th Cir. 2014).

Elkhart argues that Neese wasn't acting under color of law because, when he delivered the news to Marnocha that she was a goner, he was only the Mayor- Elect and thus did not have the power of the office that he would assume some seven weeks later. (DE 25-1 at 3.) Elkhart points to *Burrell v. Mattoon* 378 F.3d 642, 647 (7th Cir. 2004), for the proposition that an elected official who has not yet assumed office does not act under

3

color of law. But *Burrell* was decided on a motion for summary judgment, not on a motion to dismiss. 378 F.3d at 644. Indeed, the case survived a motion to dismiss in the district court. *Id.* at 648. And other courts have allowed similar claims to survive a motion to dismiss even when recognizing, as I do, that the claim is a "tenuous" one. *See, e.g., Frederickson v. Willow Springs*, 2008 WL 3008822, at *9 (N.D. Ill. Aug. 4, 2008). So while Marnocha may have an uphill battle to marshal the evidence sufficient to show state action, she will be given the opportunity to do so through discovery. For example, perhaps she will be able to demonstrate that Neese conspired with others in Elkhart government to terminate her or that her termination did not become effective until Neese took office. Under those circumstances, there would be state action, and, because Neese is a policymaker, the city could be on the hook for his actions. *Valentino v. S. Chi. Heights*, 575 F.3d 664, 675–76 (7th Cir. 2009). The motion to dismiss Count I will therefore be denied.

**Claims Against Mayor Neese as the "Employer"**

Counts II, III and IV of the Amended Complaint allege that Neese is individually liable to Marnocha for violating the Equal Pay Act, Title VII, and the Age Discrimination in Employment Act, respectively. (DE 4 at 4–8.) There is a fundamental problem with these claims, which is that to be liable under the Equal Pay Act, Title VII and the ADEA, the defendant must have been an "employer." *See* 29 U.S.C. § 206(d); 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623(a). Neese was never Marnocha's employer; instead, Marnocha "was employed as an attorney for the City of Elkhart[.]" (*Id.* ¶ 20.)

4

And a supervisor like Neese does not meet the definition of an employer under any of the three statutes here at issue. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) ("It is by now well established in this court that a supervisor does not, in his individual capacity, fall within Title VII's definition of employer."); *U.S. EEOC v. AIC Sec. Invests., Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (holding that there is no individual liability for supervisors under the ADEA); *Harris v. Harvey*, 992 F.Supp. 1012, 1013–14 (N.D. Ill. 1998) (holding that agents of an employer cannot be held individually liable under the Equal Pay Act). The claims against Neese individually under the Equal Pay Act, Title VII, and the ADEA will thus be dismissed.

**<u>Intentional Infliction of Emotional Distress</u>**

Marnocha's claim in Count V of the amended complaint for intentional infliction of emotional distress likewise must be dismissed. This species of tort requires extreme and outrageous conduct on the part of the tortfeasor. *Lachenman v. Stice*, 838 N.E.2d 451, 456 (Ind. Ct. App. 2005). For this type of claim to survive, one must read the allegations of the complaint and conclude that the conduct was truly outrageous. *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 433–34 (Ind. Ct. App. 2016). Indeed, only conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" can support this cause of action. *Bradley v. Hall*, 720 N.E.2d 747, 752–53 (Ind. Ct. App. 1999) (citation omitted). The facts alleged here do not come close to stating a plausible claim for relief. This is a routine political firing case. There are no

allegations in the amended complaint that even come close to meeting the high bar for conduct that amounts to intentional infliction of emotional distress. *See, e.g., McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1167 (7th Cir. 1997) (recognizing that Indiana courts have been reluctant to award damages for intentional infliction of emotional distress in employment cases); *Hall v. Mem'l Hosp. of South Bend*, 2016 WL 1043670, *3 (N.D. Ind. Mar. 16, 2016) (same). Count V of the amended complaint will therefore be dismissed.

**ACCORDINGLY**:

The Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint (DE 19) is **DENIED** as to Count I and **GRANTED** in part and as follows:

(1) All claims against Mayor Neese in his official capacity are **DISMISSED**;

(2) Counts II, III, IV as alleged against Neese in his individual capacity are **DISMISSED**; and

(3) Count V as alleged against Elkhart and Mayor Neese in his individual capacity are **DISMISSED.**

All dismissals are with prejudice**.**

**SO ORDERED.**

ENTERED: June 19, 2017

　　　　　　　　　　　　　　　　　　s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　JUDGE, UNITED STATES DISTRICT COURT