## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| MARGARET MARNOCHA,             Plaintiff, | ) )  ) |
| v. | )    CAUSE NO.: 3:16-CV-592-PPS-JEM ) |
| CITY OF ELKHART, INDIANA, and TIM NEESE,             Defendants. | ) ) ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel [DE 38], filed by Plaintiff on May 23, 2018, a Motion to Quash Nonparty Request for Production and Subpoena Duces Tecum [DE 46], filed by Defendants on July 30, 2018, a Motion for Protective Order [DE 50], filed by Defendants on August 14, 2018, and a Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment [DE 64], filed by Plaintiff on October 2, 2018.

**I.  Background**

Plaintiff's Amended Complaint alleges that she was unlawfully terminated from her job with Defendant City of Elkhart working with Defendant Tim Neese. She claims discrimination on the basis of sex and age as well as violations of her First Amendment right to free speech. Defendants filed a motion to dismiss which was granted in part and denied in part on June 19, 2017. On July 20, 2017, the Court held a preliminary pretrial conference and set deadlines related to discovery.

On May 23, 2018, Plaintiff filed the instant Motion to Compel, seeking complete discovery responses from Defendants. Defendants filed a response on May 24, 2018, and the same day Plaintiff filed a reply along with a Rule 37 Certification. On June 4, 2018, Defendants filed a supplemental response indicating that they had provided the outstanding discovery to Plaintiff, and on June 13, 2018, Plaintiff filed a surreply arguing that there were still deficiencies in the discovery.

On July 30, 2018, Defendants filed the instant Motion to Quash, requesting that the Court quash a subpoena served on a nonparty. Plaintiff filed a response on July 31, 2018, and on August 7, 2018, Defendants filed a reply. On August 13, 2018, Defendants filed the instant protective order, seeking relief from a scheduled deposition.

Defendants filed a motion for summary judgment on September 24, 2018. Plaintiff's response is currently due on October 22, 2018, but on October 2, 2018, Plaintiff filed the instant Motion for Extension of Time requesting that the deadline for her to respond to the motion for summary judgment be extended until sixty days after the Court's ruling on a motion to compel she filed on September 27, 2018.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *see also Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), and Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

A. <u>Motion to Compel</u>

In her Motion to Compel, Plaintiff moves to compel Defendants to respond to Plaintiff's interrogatories and requests for production of documents. Plaintiff argues that Defendant City of Elkhart responded to only three of the twenty-three requests for production, Defendants' responses to interrogatories were incomplete, and Defendant Neese failed to respond to Plaintiff's request for production. Defendants responded that it took longer than expected to gather the documents to respond but that they were working with Plaintiff to provide the information, and Plaintiff filed the Motion before adequately attempting to resolve out the dispute between the parties. In a sur-response filed on June 4, 2018, Defendants reported that they had responded to the pending discovery requests and request that the Motion be denied as moot. Plaintiff argues that Defendants did not move for any extensions of time to respond to the discovery requests, nor did counsel for Defendants respond to Plaintiff's request for amendment of insufficient responses. In a surreply, Plaintiff asserts that Defendants' discovery responses are still inadequate, and specifies a list of

3

objections to those responses.

As an initial matter, it is apparent that the parties in this case are having a difficult time cooperating in discovery. Defendants argue that Plaintiff has not sufficiently attempted to resolve the discovery dispute without Court involvement. Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Northern District of Indiana Local Rule 37-1 provides, "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. The Court may deny a motion to compel if it is not accompanied by a proper certification. *Id.*

In this case, Plaintiff did not include a separate Rule 37 certification with her Motion to Compel, but does attach correspondence between the attorneys and includes representations regarding the attempt to communicate with counsel for Defendants regarding outstanding discovery. The Court does not find the representations of Plaintiff to be fully satisfactory in complying with the requirements of Federal Rule 37 and Local Rule 37-1, although a separate certification was filed after Plaintiff became aware of the omission. Noting the repeated difficulty the parties have had in cooperating in discovery and recognizing that there was at least some attempt to confer prior to filing the instant Motions, the Court will not deny the Motion for failure to include a Rule 37 certification.

Defendants do not dispute that they did not respond to Plaintiff's interrogatories and requests

4

for production within the time allotted to do so, and they did not request an extension of the deadline with the Court. In what they term a "supplemental response," Defendants assert that they served responses to the outstanding discovery requests after the Motion to Compel was fully briefed, so that the need to compel responses is moot. Plaintiff filed a sur-reply arguing deficiencies in those responses. The Local Rules do not contemplate the filing of sur-reply or sur-response briefs. N.D. Ind. L.R. 7-1(a). Accordingly, "a party in this district may not file a supplemental brief as a matter of right—a party must first obtain leave of the court and make a showing of some factor justifying such a filing. *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 308-CV-00490, 2010 WL 3119487, at *5 (N.D. Ind. Aug. 5, 2010) (citing *Brunker v. Schwan's Home Serv., Inc.*, No. 2:04-CV-478, 2006 WL 3827046, at *2 (N.D. Ind. Dec. 27, 2006)). In this case, neither party requested leave to supplement their briefing. The Court will not strike the supplemental findings, but neither will it address Plaintiff's new arguments regarding the sufficiency of Defendants' responses, since the document was filed without affording Defendants the opportunity to correct the alleged deficiencies or to respond to the arguments. *See Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004) (finding argument waived when made for the first time in reply brief).

To the extent that Defendants have not fully responded to Plaintiff's discovery requests, the instant Motion to Compel is granted, although it is moot to the extent that they provided responses after the Motion was filed. The Court also reminds the parties of the need to comply with the applicable Federal and Local Rules and requirements for discovery, and admonishes Defendants to supplement their discovery responses to provide complete and accurate information to Plaintiff.

B. <u>Motion to Quash</u>

In their Motion to Quash, Defendants request that the Court quash a subpoena issued to nonparty the State Bar of Michigan requesting personal information about another non-party on the grounds that the information sought is unrelated to Plaintiff's claims, overly-broad, oppressive, unduly burdensome, and unreasonable. Plaintiff argues that Defendants do not have standing to object to the personal nature of the information sought in the subpoena or the burden it imposes on non-parties. Plaintiff argues that the nonparty request for production is not cumulative or duplicative because they have not been able to obtain the necessary documents and information from Defendants through discovery. In reply, Defendants reiterate that the information sought through the subpoena is irrelevant to her claim and Defendants' defense and so is not within the proper scope of discovery.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to produce designated documents. "[P]retrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But [Rule 45(c)] allows the fish to object, and when they do so the fisherman" must justify his pursuit. *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Teton Homes*, 2010 WL 3715566, at \*2 (quoting *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)). Courts have recognized that an individual possesses an interest against disclosure of matters of personal concern. *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008). In considering a party's privacy concerns, the Court must consider whether Defendants have a compelling need for discovery and whether that need outweighs the privacy rights at issue. *Id.*

In this case, Plaintiff alleges retaliatory discharge and discrimination related to her previous employment with Defendant City of Elkhart. The subpoena in question seeks "[a]ll documents submitted on behalf of the bar application for Jonathan Long." Plaintiff argues that she is seeking information about whether a particular person provided a letter of recommendation for Jonathan Long, another city employee. Plaintiff argues that if the letter was provided to Mr. Long for the purposes of bar admission, but a similar recommendation was denied to Plaintiff, that fact is relevant to Plaintiff's claims. Defendants argue that Mr. Long is not similarly situated to Plaintiff so as to be a comparator for the purposes of discrimination analysis. However, the question of how similar is similar enough is a question specific to each case and not to be pre-determined during discovery. The question of disparate treatment and the need to identify a possible comparator is non-privileged and relevant to Plaintiff's claim, but that does not mean that Plaintiff is entitled to the entire bar application and the personal information it includes. Accordingly, the Court concludes that Plaintiff may request the information she seeks about whether a particular letter of recommendation was provided, but the subpoena as currently drafted is too broad and likely to reveal a lot of personal and private information of a non-party that is not commensurate with the amount of possibly relevant information. Plaintiff may reissue the subpoena requesting just the information that is possibly relevant to her claim, but may not seek the entire bar application.

  C. <u>Motion for Protective Order</u>

In their request for a Protective Order, Defendants request that the Court enter an order relieving Defendant Neese from sitting for a deposition scheduled for the date the Motion was filed. Defendants assert that Defendant Neese had an unforeseen conflict preventing him from attending the deposition. Defendants represent that immediately upon learning of the conflict, and with time

to cancel the court reporter, Plaintiff was contacted in an attempt to find a mutually acceptable date for rescheduling the deposition. As Plaintiff did not respond to the instant Motion and the date for the deposition has passed, the Court presumes that the parties have fulfilled their obligations to work together to complete discovery in compliance with the Federal Rules of Civil Procedure, and reminds them of the requirement that "[a]ttorneys must try in good faith to schedule depositions to avoid calendar conflicts." N.D. Ind. L.R. 30-1. The deposition must be completed before the close of discovery.

      D.      <u>Motion for Extension of Time</u>

Plaintiff also requests an extension of time to respond to Defendant's motion for summary judgment because of the need to obtain additional discovery to include in her response. On September 27, 2018, Plaintiff filed another motion to compel, arguing that she still has not received all of the requested discovery, and asserting that Defendants have attempted to circumvent the discovery process. That motion is not yet fully briefed, but indicates to the Court that the discovery issues in this case continue.

Federal Rule of Civil Procedure 56(d) provides that a court may defer considering a motion for summary judgment, deny the motion, or allow additional discovery if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see also Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) ("Rule 56(f) [now Rule 56(d)] authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant . . . demonstrat[es] why it cannot yet present facts sufficient to justify its opposition to the motion."). Plaintiff does not file its motion pursuant to Rule 56(d), and does not

include an affidavit or declaration. If Defendants' motion is premature and Plaintiff can show that the Motion for Summary Judgment should be deferred or denied, or that even more discovery is needed, then she may file a motion pursuant to Rule 56(d). Given the representations in the current Motion, the Court finds it appropriate to extend the deadline to file a response to the motion for summary judgment, with leave to file a motion pursuant to Rule 56(d) if necessary.

**III. Conclusion**

For the foregoing reasons, the Court hereby:

(1) **GRANTS in part and DENIES as moot in part** the Motion to Compel [DE 38] and **ORDERS** Defendants to provide any outstanding discovery and to cooperate with Plaintiff to resolve any ongoing disputes about the thoroughness of their responses;

(2) **GRANTS in part and DENIES in part** the Motion to Quash Nonparty Request for Production and Subpoena Duces Tecum [DE 46], and **ORDERS** that Defendants may serve only a limited subpoena, as described above;

(3) **GRANTS** the Motion for Protective Order [DE 50] and **ORDERS** that Defendant Neese is excused from attendance at the deposition scheduled for August 14, 2018; and

(4) **GRANTS, for relief different than requested**, the Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment [DE 64] and **ORDERS** that the deadline for Plaintiff to file her response is extended to **December 4, 2018**.

As Rule 37(a)(5)(A) provides, because

> the motion is granted – or . . . the disclosure or requested discovery [wa]s provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that

conduct, or both to pay the movant's reasonable expenses incurred in
making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **October 19, 2018**, an itemization of its costs and fees, including attorney's fees, incurred in making the Motion to Compel along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Defendants to **FILE** a response by **November 2, 2018**, and Plaintiff to file a reply, if any, by **November 9, 2018**.

SO ORDERED this 4th day of October, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record