UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARGARET MARNOCHA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:16-CV-592-PPS-JEM |
| | ) |
| CITY OF ELKHART, INDIANA, | ) |
| and TIM NEESE, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Trial Rule 37 Motion to Compel, Motion for Sanctions, Motion for Default Judgment and Request for Hearing [DE 63], filed September 27, 2018. Defendant filed a response on October 11, 2018, and Plaintiff filed a reply on October 18, 2018.

**I. Background**

Plaintiff's Amended Complaint alleges that she was unlawfully terminated from her job with Defendant City of Elkhart working with Defendant Tim Neese. She claims discrimination on the basis of sex and age as well as violations of her First Amendment right to free speech. Defendants filed a motion to dismiss which was granted in part and denied in part on June 19, 2017. On July 20, 2017, the Court held a preliminary pretrial conference and set deadlines related to discovery.

On October 4, 2018, the Court granted in part a prior motion to compel and ordered Defendants to provide any outstanding discovery, granted in part a motion to quash a nonparty request for production but allowed a subpoena limited to the relevant information about

1

recommendation information provided by Defendants for another employee, and granted a protective order excusing Defendant Neese from attendance at a deposition scheduled for August 14, 2018.

**II.     Analysis**

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *see also Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), and Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery.

*Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

    A.    <u>Rule 37 Certification</u>

Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Northern District of Indiana Local Rule 37-1 provides, "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. The Court may deny a motion to compel if it is not accompanied by a proper certification. *Id.*

Plaintiff includes a Rule 37-1 certification describing interaction between the parties throughout the course of discovery. Defendants argue that Plaintiff failed to engage with them in good faith to resolve the discovery dispute. Defendants argue that Plaintiff never previously raised the issues regarding their responses to her requests for admission. They assert that, at depositions in August shortly before fact discovery closed on August 31, 2018, counsel for Plaintiff brought up a dispute about what discovery had been received, but that there was no follow up until September 25, 2018, after Defendants filed their motion for summary judgment, and that the follow up was in the form of a single email. The September 25, 2018 email is only a few lines long, and the only reference to a discovery dispute reads, "If you're only aware of the discovery you listed... perhaps read the depositions of the City's IT director and the Mayor again." The instant Motion was filed two days later.

The interaction between the parties as described in the certification indicates that they are unable to get along. The attempt to conference, and in particular the single, cryptic email sent about after the close of discovery, do not comply with the requirements of Rule 37 and Local Rule 37-1. Although the attempt to conference about the dispute is not as robust as the Court would hope, the motion will not be denied for this reason alone.

B.  Responses to Plaintiff's Discovery Requests

Plaintiff argues generally that Defendants have failed to conduct diligent searches for documents and provided contradictory information in written responses and deposition testimony. A number of the disputes described in Plaintiff's Motion have since become moot as a result of the Court's ruling on other discovery motions. Accordingly, the disputes currently remaining appear to be limited to Plaintiff's allegations that some of Defendants' responses to her requests for admission are contradicted by deposition testimony and a dispute over whether Defendants have adequately responded to Plaintiff's request for a recommendation she claims was provided in support of another employee.

Plaintiff requests sanctions for Defendants' failure to provide a copy of a letter of recommendation created in support of Jonathan Long, another city employee. Defendants assert that they do not have any recommendations responsive to the request. The parties agree that information was provided to the Michigan Bar as part of Long's application. Defendants assert that there is no copy of any document that they could produce to Plaintiff, and point out that Plaintiff could obtain information about the submission through a subpoena directed to the Michigan Bar, as previously addressed by the Court. Plaintiff asserts that she continues to believe that Vlado Vranjes provided a written document in support of the candidacy that should be provided to Plaintiff.

4

Arguments about the meaning of "recommendation" and "reference" aside, the Court does not find it unbelievable that someone may have completed a form in support of a bar candidate's application without retaining a copy. Defendants have disclosed to Plaintiff that a form was completed for Mr. Long, and Plaintiff can obtain a copy of that form through its subpoena. The Court will not compel Defendants to produce a document they reasonably claim not to possess nor will it sanction them for failing to provide it.

Another issue still remaining is regarding the sufficiency of Defendant Neese's responses to requests for admissions. In her Motion, Plaintiff asserts that Defendant Neese failed to admit a number of facts in his response to the requests for admissions and those denials were later refuted in his deposition. She requests that Defendants be sanctioned for their discovery failures and that the requests for admission she identifies as being refuted at Neese's deposition be deemed admitted. Federal Rule of Civil Procedure 36 provides for a party to "move to determine the sufficiency of an answer or objection," and "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). To the extent that this is what Plaintiff is requesting, her motion does not specifically identify the portions of Neese's deposition testimony that she alleges contradict his responses to the requests for admissions or develop her argument about the discrepancy. The Court declines to scour a voluminous deposition transcript to attempt to ascertain which of Neese's responses may have contradicted which requests for admission. *See Sommerfield v. City of Chicago*, 863 F.3d 645, 650 (7th Cir. 2017) ("The judge rightly declined to wade through the voluminous record to find evidence on a counseled plaintiff's behalf.").

To the extent that there is still discovery outstanding, Defendants are reminded of their need to supplement their discovery responses, and Plaintiff is reminded of the requirements of Federal Rule of Civil Procedure 37 to attempt to obtain the needed information without Court action. Although the motion practice in this case makes it apparent that the parties have been unable to work together to complete the discovery process, the Court is unable to determine what specific information is outstanding, why Plaintiff believes she is entitled to that information, or why Defendants have not provided it, let alone whether sanctions are warranted. If the parties still cannot come to an agreement on what information or documents within Defendants' control has been requested but is still outstanding, Plaintiff may file a motion to compel that identifies exactly what information she is still seeking and her argument regarding why she is entitled to it, rather than assertions of generic failure by Defendants to respond to Plaintiff's requests, so that the Court can adequately address the dispute. Any motion must include an adequate certification pursuant to Federal Rule of Civil Procedure 37 and Northern District of Indiana Local Rule 37-1.

### III.   Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Trial Rule 37 Motion to Compel, Motion for Sanctions, Motion for Default Judgment and Request for Hearing [DE 63]. As Rule 37(a)(5)(B) provides, because "the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 27(a)(5)(B). Accordingly, the Court **ORDERS** Defendants to **FILE**, on or before **January 21, 2019**, an itemization of their costs and fees,

including attorney's fees, incurred in defending against the Motion to Compel along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Plaintiff to **FILE** a response by **February 4, 2019**, and Defendants to file a reply, if any, by **February 11, 2019**.

SO ORDERED this 7th day of January, 2019.

                                                               s/ John E. Martin
                                                               MAGISTRATE JUDGE JOHN E. MARTIN
                                                               UNITED STATES DISTRICT COURT

cc:     All counsel of record