# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARGARET MARNOCHA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 3:16-CV-592-PPS-JEM |
| | ) | |
| CITY OF ELKHART, INDIANA, | ) | |
| and TIM NEESE, | ) | |
|     Defendants. | ) | |

## AMENDED OPINION AND ORDER

This matter is before the Court on Plaintiff's Itemized Costs and Fees [DE 68], filed on October 19, 2018. Defendants filed a response on November 2, 2018, and on November 6, 2018, Plaintiff filed a reply.

This matter originates with a series of discovery-related motions, including a Motion to Compel filed by Plaintiff, which was granted in part by the Court on October 4, 2018 In that Opinion and Order, the Court set deadlines for briefing on the issue of awarding reasonable expenses. In the instant Bill of Costs, Plaintiff requests attorney's fees in the amount of $2,000.00 for reasonable expenses related to the Motion to Compel.

Rule 37 provides, in part, that "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In deciding whether to apportion fees, courts consider the relative degree of success of the party seeking fees and the degree to which the objecting party's position was justified. *McGrath v. Everest National Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008). The Court has "wide latitude" in determining awards of fees under Rule 37. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Plaintiff requests fees in the amount of 8 hours at $250.00 per hour. Defendants object to the fees requested, arguing that Plaintiff failed to adequately confer with Defendants to resolve the discovery issues prior to filing her motion, and also argue that some of the particular charges are inappropriate, including Plaintiff's filing of the sur-reply without fist seeking leave of court.

As an initial matter, Defendants argue that Plaintiff never properly served her discovery requests, only serving them by email despite the fact that Defendants never agreed to accept service by electronic means, and therefore Defendants were not obliged to respond to any of Plaintiff's discovery requests. However, Defendants did respond to a number of the discovery requests without objection and did not alert Plaintiff or the Court to their concerns prior to the close of discovery in any of the numerous discovery-related motions. It would be unjust to render all of Plaintiff's discovery requests moot at this stage in the proceedings with no chance for Plaintiff to correct the allegedly deficient service, and the Court declines to address this argument

In this case, the Court noted that Plaintiff did not file a separate Rule 37 certification with her motion to compel. Although it did not deny the motion for failing to comply with Federal Rule of Civil Procedure 37 and Local Rule 37-1, the Court did note that the representations regarding the attempt to conference with the other side were not fully satisfactory. Review of the itemization indicates that 3.1 hours of attorney time was spent reviewing discovery and reviewing contact with opposing counsel. Since that was work that should have been done before filing a motion to compel in view of avoiding the need for Court intervention, that time should not be compensated by Defendants. In addition, Plaintiff seeks .4 hours of attorney time for preparing a Rule 37 certification, which was docketed along with her reply brief. Rule 37 requires that a motion "for an order compelling disclosure or discovery . . . *must include* a certification that the movant has in good

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). Since the alleged certification did not comply with the requirements of Federal Rule 37 or Local Rule 37-1, the time taken to prepare it will not be awarded. Furthermore, as Defendants argue, Plaintiff did not seek leave of Court to file a sur-reply, and the Court did not address the new arguments contained therein. The 1.8 hours of attorney time requested for this work will not be compensated.

Plaintiff also requests 1.2 hours for drafting the motion to compel and 1.5 hours for drafting the reply. Because the Motion was granted in part, the Court concludes that payment for this amount of time is appropriate. Plaintiff's requested rate is $250 per hour, and Defendants do not dispute the appropriateness of this hourly rate. The Court will use this as the lodestar, and finds that an award of $675.00, representing 2.7 hours at $250 per hour, is appropriate. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02, 122 (2002).

For the foregoing reasons, the Court hereby approves and **GRANTS in part** the requested contained within Plaintiff's Itemized Costs and Fees [DE 68], and **ORDERS** Defendants and/or Defendants' attorney[1] to reimburse Plaintiff in the sum of $675.00 in attorney fees within a reasonable time.

The Court hereby **GRANTS** Plaintiff's Motion fo Correct Error of Order Dated January 9, 2019 [DE 85], as reflected herein.

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A) (providing that the award should be paid by "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both"); *Francis v. AIT Labs.*, No. 1:07-CV-0626-RLY-JMS, 2008 WL 2561222, at *5 (S.D. Ind. June 26, 2008) (ordering the attorney to pay expenses where "Plaintiff's counsel, rather than Plaintiff himself, was responsible for the failure to supplement and should therefore bear the cost of the sanction to be imposed").

SO ORDERED this 24th day of January, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record