# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARGARET MARNOCHA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 3:16-CV-592-PPS-JEM |
| | ) | |
| CITY OF ELKHART, INDIANA, | ) | |
| and TIM NEESE, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Bill of Costs [DE 84], filed January 21, 2019. On January 7, 2019, the Court issued an Order denying Plaintiff's Motion to Compel and ordering Defendants to file an itemization of its reasonable expenses incurred in making the motion. Defendants seek attorney fees in the amount $3,720.00. Plaintiff filed a response on February 4, 2019, and on February 8, 2019 Defendants filed a reply.

Rule 37 provides that, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Plaintiff argues that her motion was substantially justified, including new arguments about inadequacies in discovery that were not included in the original motion. One of the difficulties the Court noted in Plaintiff's motion was that she did not thoroughly identify and explain the alleged

deficiencies in the discovery responses.[1] Although she was granted leave to file an additional motion to compel "that identifies exactly what information she is still seeking and her argument regarding why she is entitled to it, rather than assertions of generic failure by Defendants to respond to Plaintiff's requests, so that the Court can adequately address the dispute," she did not do so, and this Motion is not the place to re-litigate issues that should have been brought before the Court before. The Court has given Plaintiff ample opportunity to be heard, and there is no indication that Defendants acted in bad faith or that there are any other circumstances that make the award of expenses unjust. The Court finds that the motion, filed before the issues in a previous motion to compel had been resolved and without a clear explanation of what information Plaintiff was seeking to have compelled, was not substantially justified.

Plaintiff also disputes the amount of fees requested. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted).

Plaintiff does not dispute the hourly rates charged by Defendants' attorneys, but objects to some of the time records. She argues that they should not receive reimbursement for conversations with the client about the motion to compel and that the time spent reviewing discovery responses while drafting the response brief should not be compensable, arguing that the work would have been

---

[1] The Court concluded: "To the extent that this is what Plaintiff is requesting, her motion does not specifically identify the portions of Neese's deposition testimony that she alleges contradict his responses to the requests for admissions or develop her argument about the discrepancy. The Court declines to scour a voluminous deposition transcript to attempt to ascertain which of Neese's responses may have contradicted which requests for admission," Opn. at 5, and "the Court is unable to determine what specific information is outstanding, why Plaintiff believes she is entitled to that information, or why Defendants have not provided it, let alone whether sanctions are warranted." *Id*. at 6 [DE 77].

2

done even absent the motion. In addition, she argues that the overall time spent drafting the response is excessive, laying out particular arguments in the response briefs she claims should not have been included and therefore should not be reimbursed, and argues that the drafting work of one attorney should be completely discounted because he was not present at the depositions that formed the factual basis for that part of the argument. Defendants argue that the time included for conversations with the client and reviewing discovery were directly related to the motion to compel, and that Plaintiff's disagreement with arguments made by Defendants does not mean that the work put into those portions of the brief should not be reimbursed.

Review of Defendants' itemization shows a number of entries with specific descriptions of the drafting work done on the response to the motion to compel. The Court will not discount the time spent conferring with the client about the motion or reviewing what had happened in discovery, since it all appears to be directly related to the motion to compel and not work that would have been done on the case absent the motion. Likewise, the Court will not comb through the time entries in attempt to determine how much time was spent on which specific arguments or judge the arguments based on their relative success; nor will it require the same attorney to perform all aspects of a case. The attorney who drafted that portion of the motion had adequate information about the depositions to describe the dispute, and although the Court did not adopt Defendants' reasoning in all respects in the Opinion and Order, they were successful overall. The Court does not conclude that the 23.10 total attorney hours spend responding to an involved Motion are unreasonable, particularly since the response required combing through the arguments to determine which had already been resolved. The Court finds that the hourly fee and number of attorney hours reflected in the itemization are reasonable.

Accordingly, the Court hereby approves and **GRANTS** the request for attorney fees in Defendants' Bill of Costs [DE 84] and **ORDERS** Plaintiff or her attorney[2] to reimburse Defendant's attorney fees in the sum of $3,720.00 within a reasonable time.

SO ORDERED this 27th day of March, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record

---

[2] *See* Fed. R. Civ. P. 37(a)(5)(A) (providing that the award should be paid by "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both"); *Francis v. AIT Labs.*, No. 1:07-CV-0626-RLY-JMS, 2008 WL 2561222, at *5 (S.D. Ind. June 26, 2008) (ordering the attorney to pay expenses where "Plaintiff's counsel, rather than Plaintiff himself, was responsible for the failure to supplement and should therefore bear the cost of the sanction to be imposed").